Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Richard P. Cook v. El Llano Summit Caja Del Rio, LLC, et al. |
| **Case Number:** | 05-01218 |

## Document Information

| | |
|---|---|
| **Description:** | Order Denying [13-1] Motion To Intervene Re: [7-1] Motion To Withdraw As Special Counsel for defendant Jeffrey Potter by Martin S. Friedlander . |
| **Received on:** | 2006-03-01 13:44:53.000 |
| **Date Filed:** | 2006-03-01 00:00:00.000 |
| **Date Entered On Docket:** | 2006-03-01 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | Ellen Snyder |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITES STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
      Jeffery Watson Potter,
      Debtor.                                     No. 11-05-14071 MS

Richard P. Cook,
      Plaintiff,

v.                                                     Adv. No. 05-1218 M

El Llano Summit Caja Del Rio, LLC and
Jeffrey Potter,
      Defendants.

### ORDER DENYING MARTIN S. FRIEDLANDER'S MOTION TO INTERVENE
### ON BEHALF OF DEFENDANTS

THIS MATTER is before the Court on the Motion to Intervene on Behalf of Defendants (the "Motion to Intervene") filed on December 30, 2005 by Martin Friedlander ("Friedlander"), *pro se*. Friedlander filed a supporting Memorandum in the bankruptcy proceeding. Having considered the Motion to Intervene, and the applicable law, the Court finds:

On September 29, 2005, this proceeding for foreclosure and declaratory judgment was removed to this Court by the Defendant, Jeffrey W. Potter ("Potter"), from the First Judicial District Court, County of Santa Fe, New Mexico, No. D-101-CV-200301251. Friedlander previously represented Potter in this proceeding in state court as his attorney. Potter hired special counsel, Sam Bregman ("Bregman") to represent him in this proceeding and all adversary proceedings related to this bankruptcy. However, Bregman has withdrawn from those proceedings.[1]

---

[1] *See* Order Granting Debtor's Motion to Employ the Bregman Law Firm, P.C. (Samuel H. Bregman, II, Esq.) as Special Counsel (Doc. No. 41) filed on August 25, 2005. On January

1

Intervention in a adversary proceeding is governed by Rule 24, Fed. R. Civ. P., made applicable to bankruptcy proceedings by Rule 7024, Fed. R. Bankr. P., which provides as follows:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
>
> (c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. . . .

Friedlander claims a right to intervene under Rule 24(a)(2) because he has an interest relating to the subject of this adversary proceeding that would be impaired and would not be adequately represented by the existing parties.[2]

---

20, 2006, Bregman filed a motion to withdraw as special counsel which the Court allowed upon disgorgement of $8,367.15, a portion of the retainer fee, to Potter. Bregman has disgorged that amount to Potter and on February 17, 2006, the Court entered the Order Allowing Withdrawal of Sam Bregman as Special Counsel (Adv. No. 05-1129 Doc. No. 27).

[2] To intervene in an action as a matter of right a party must show: (1) a timely application; (2) an interest relating to the property or transaction that is the subject of the action; (3) the danger that such interest will be impaired; and (4) the inadequacy of representation of his interest. If any one of these four requirements is not met, intervention of right cannot be allowed. *In re Environmental Electronics Systems, Inc.*, 11 B.R. 962, 963 (Bankr. Ga. 1981) (citations omitted).

Although Friedlander has not presented to the Court a pleading setting forth his claim as required by Rule 24(c), Friedlander alleges that he has a lien on all of Potter's property for attorney's fees and expenses owed to him through an attorney's charging lien. Friedlander also alleges that he is a beneficiary of the Legal Defense and Maintenance Trust of California, Mariana Danilovic, Trustee (the "Trust") into which Potter transferred all of his property.[3] Friedlander has not shown that his lien right will be adversely affected by this foreclosure proceeding. An attorney's charging lien attaches to a client's recovery in an action. *In re Bouzas*, 294 B.R. 318, 321 (Bankr.N.D.Cal. 2003). Friedlander is a creditor in the bankruptcy proceeding with a right to payment from property of Potter's bankruptcy estate and a right to vote on a proposed Chapter 11 Plan. Friedlander, as a creditor, may share in the benefit to the bankruptcy estate, if any, resulting from this proceeding, and he may assert that interest in the bankruptcy proceeding and any adversary proceeding to which he is properly a party. Neither does Friedlander's beneficial interest in the property held in Trust give him a right to intervene in this foreclosure proceeding. Therefore, the Motion to Intervene for purposes of advancing an interest related to the subject matter of this proceeding is denied. The Court also finds no reason to permit Friedlander to intervene under the discretionary intervention provision of Rule 24(b)(2).

Friedlander asserts that he also has the right to intervene to represent the Defendant Jeffrey Potter as his attorney, and that his representation is crucial due to Bregman's withdrawal

---

[3] According to the Complaint filed in the adversary proceeding filed by Potter to Avoid Transfers by Potter to the Trust (Adv. No. 05-1151 M), on or about August 25, 2003, Potter, Summit Investment Company, LLC, Summit Valdes Business Park, LLC transferred all of their assets to the Trust.

3

from the case. In a bankruptcy proceeding and its related adversary proceedings; however, it is the Debtor-In-Possession who must file an application to hire counsel, and the attorney must file a disclosure of compensation under § 329 of the Bankruptcy Code and Rule 2017(b), Fed. R. Bankr. P. Intervention is not the appropriate avenue for an attorney to use when seeking to represent the Debtor-In-Possession.

THEREFORE, IT IS HEREBY ORDERED that the Motion to Intervene is DENIED.

MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Martin S. Friedlander, Esq.
10350 Wilshire Blvd.
Suite 603
Los Angeles, CA 90024

Jeffrey Potter
P.O. Box 8280
Santa Fe, NM 87504

Chris W. Pierce
Attorney for Debtor
P.O. Box 6
Albuquerque, NM 87103

Alice N. Page
U.S. Trustee
P.O. Box 608
Albuquerque, NM 87103

Paula Cook and Grey Handy
Attorneys for Richard Cook
and El Llano Co.
PO Box 669
Santa Fe, NM 87504 -669

Ellen C. Snyder
Law Clerk

4