# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06    . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Richard P. Cook v. El Llano Summit Caja Del Rio, LLC, et al. |
| **Case Number:** | 05-01218 |

### Document Information

| | |
|---|---|
| **Description:** | Order  Denying [26-1] Motion For Stay Pending Appeal. by Martin S. Friedlander . |
| **Received on:** | 2006-03-21 11:00:07.000 |
| **Date Filed:** | 2006-03-21 00:00:00.000 |
| **Date Entered On Docket:** | 2006-03-21 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | Ellen Snyder |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

In re:

    Jeffery Watson Potter,
    Debtor.                                      No. 11-05-14071 MS

Richard P. Cook,
    Plaintiff,

v.                                                  Adv. No. 05-1218 M

El Llano Summit Caja Del Rio, LLC
and Jeffrey W. Potter,
    Defendants.

### ORDER DENYING MARTIN S. FRIEDLANDER'S REQUEST FOR IMMEDIATE STAY PENDING APPEAL OF THE ORDER DENYING RECUSAL

THIS MATTER is before the Court on the Request for Immediate Stay (the "Motion") filed on March 2, 2006 (Doc. No. 25) by Martin S. Friedlander (Friedlander), *pro se*. Friedlander requests a stay of all proceedings, including this bankruptcy proceeding, pending appeal of the Order Denying Martin S. Friedlander's Request for Recusal of Judge (Doc. No. 23) ("Order Denying Recusal"). After considering the Motion and the applicable law, the Court will deny the Motion.

Potter filed this voluntary Chapter 11 bankruptcy proceeding on May 19, 2005. On September 29, 2005, this foreclosure proceeding was removed to this Court from New Mexico State Court. Friedlander was attorney for debtor-in-possession Jeffrey W. Potter ("Potter") in the State Court proceeding. Friedlander argues that a stay is necessary to allow the appeal of the Order Denying Recusal because the Court is objectively disqualified to preside over this bankruptcy proceeding and the related adversary proceedings. Friedlander argues that the Court is biased because a former law clerk of the Court is the daughter of the Plaintiff in this

1

proceeding. Friedlander also asserts that the former law clerk is an officer of El Llano Summit Caja Del Rio, LLC a defendant in this adversary proceeding.

Friedlander argues that due to the close relationship between judges and law clerks, it should follow that the Court is objectively biased and should recuse from this proceeding. Next, Friedlander argues that when the Court itself revealed the relationship at a status conference at which Friedlander was not present, the Court was sending a signal that it may be objectively disqualified. However, Friedlander interprets the Court's disclosure as another indication of objective bias. Finally, Friedlander asserts a concern that he will be "home-towned" by the Court and the other local parties in this proceeding.

Stays pending appeal are governed by Rule 62, Fed.R.Civ.P.[1], made applicable to bankruptcy proceedings by Rule 7062, Fed.R.Bankr.P., and by Rule 8005, Fed.R.Bankr.P. Rule 8005 provides, in relevant part:

> Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.
> Rule 8005, Fed.R.Bankr.P.

Because a stay pending appeal is similar in nature to a request for a preliminary injunction, courts consider the same factors used to determine whether to grant a preliminary

---

[1] Rule 62, Fed.R.Civ.P. applies to stays of proceedings to enforce a judgment. Discretionary stays pending appeal are governed by Rule 62(c), Fed.R.Civ.P., while stays issued as a matter of right are usually confined to money judgments and require the posting of a supersedeas bond in accordance with Rule 62(d), Fed.R.Civ.P. *In re Porter,* 54 B.R. 81, 82 (Bankr.N.D.Okla. 1985). Rule 62(d), Fed.R.Civ.P. is inapplicable to the Debtor's Motion for Stay Pending Appeal.

2

Case 05-01218-m    Doc 47    Filed 03/21/06    Entered 03/21/06 15:55:00 Page 3 of 6

injunction in determining whether a stay pending appeal is appropriate. *In re Porter,* 54 B.R. 81, 82 (Bankr.N.D.Okla. 1985). In order to obtain a stay pending appeal, the requesting party must demonstrate the following factors: 1) that the requesting party is likely to prevail on the merits of the appeal; (2) that the requesting party will suffer irreparable harm without a stay; (3) that other interested persons will not suffer substantial harm if a stay were imposed; and (4) that the public interest will not be harmed by a stay. *Id.; In re Sunflower Racing, Inc.,* 221 B.R. 940, 941 (D.Kan. 1998) (citations omitted).

Friedlander's arguments do not convince the Court that he is "likely to prevail on the merits of the appeal." *Porter,* 54 B.R. at 82; s*ee also In re Haas,* 292 B.R. 167, 181 (Bankr. S.D.Ohio 2003) (denying stay pending appeal of recusal motion because none of the elements required for granting stay were shown)(citing *In re Barnes,* 119 B.R. 552, 558 (S.D.Ohio 1989) (denying plaintiff's motion for temporary injunction pending appeal, concluding that plaintiff's failure to show any probability of success on the merits of the appeal "is dispositive in [the] determination of Plaintiff's entitlement to temporary or preliminary injunctive relief.") (citations omitted)). Friedlander must show that he is likely to prevail on a petition for writ of mandamus. *In re Bennett*, 283 B.R. 308, 311 (10th Cir. BAP 2002) (writ of mandamus is proper avenue to seek review of judge's denial of recusal motion). Friedlander cites the relationship of the Court to certain parties through his former law clerk. As discussed in the Court's Order Denying Recusal,[2] a former law clerk's involvement, either as counsel or as a party, in a case does not automatically warrant recusal. The fact that the Court disclosed the information during a status

---

[2] It should be noted that the full discussion of the Court's reasoning behind the decision not to recuse is set out in the Order Denying Martin S. Friedlander's Request to Recuse filed in Adv. No. 05-1149 M, Doc. No. 31.

conference at which Friedlander was not present does not add weight to Friedlander's probability of success on the merits of the appeal. To conclude that the Court is biased simply because the Court disclosed the relationship between a party and his former law clerk is unsupported by any objective evidence of bias. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) ("A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation."); *In re Cooke*, 160 B.R. 701, 708 (Bankr. D. Conn. 1993) (A determination of bias must be based on extrajudicial conduct rather than conduct arising during the course of the proceeding.)

With respect to the other requirements for a stay pending appeal, Friedlander has failed to demonstrate that he will be irreparably harmed if a stay pending appeal is not granted, that other interested parties will not suffer substantial harm if a stay were imposed and that the public interest will not be harmed by a stay. Potter has filed a disclosure statement and a Chapter 11 plan. A stay pending appeal will cause an unreasonable delay in this process.

THEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

/s/ Mark B. McFeeley
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

I certify that on the date shown on the attached
document verification, a true and correct copy of
the foregoing was either electronically transmitted,
faxed, delivered or mailed to the listed counsel
and/or parties.

Grey Handy
Attorney for Cook
P.O. Box 669
Santa Fe, New Mexico 87501-669

Martin S. Friedlander, pro se
10350 Wilshire Blvd., Suite 603

4

Los Angeles, CA 90024

Chris W. Pierce
Attorney for Debtor
P.O. Box 6
Albuquerque, NM 87103

*Ellen C. Snyder*
Ellen C. Snyder
Law Clerk

5