UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of  06/10/06  . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Richard P. Cook v. El Llano Summit Caja Del Rio, LLC, et al. |
| **Case Number:** | 05-01218 |

## Document Information

| | |
|---|---|
| **Description:** | Order Granting [5-1] Motion to remand this proceeding to the First Judicial District Court by Richard P. Cook . |
| **Received on:** | 2006-03-27 14:04:33.000 |
| **Date Filed:** | 2006-03-27 00:00:00.000 |
| **Date Entered On Docket:** | 2006-03-27 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: JEFFERY POTTER, No. 11-05-14071 MS

Debtor.

_____

RICHARD P. COOK,

    Plaintiff,

v.                                                                             Adversary No. 05-1218 M

EL LLANO SUMMIT CAJA DEL RIO, LLC,
a New Mexico Limited Liability Company, and
JEFFERY POTTER,

    Defendants.

## ORDER GRANTING MOTION TO REMAND

THIS MATTER is before the Court on Richard P. Cook's Motion to Remand ("Motion"). Defendant Jeffery Potter objected to the Motion, and the Court held a final hearing on the Motion on March 15, 2006, after which the Court took the matter under advisement. After considering the arguments of counsel and reviewing the documents filed in this adversary proceeding, the Court finds that this removed proceeding is a proceeding over which the Court has "related to" jurisdiction, and that given the nature and procedural posture of this proceeding, sufficient cause exists to remand this adversary proceeding to the First Judicial District Court. In reaching this conclusion, the Court FINDS:

    1. In 2003, Richard P. Cook ("Plaintiff") filed a complaint for foreclosure, declaratory judgment, and cancellation of instrument against El Llano Summit Caja Del Rio, LLC, a New Mexico

1

Limited Liability Company ("El Llano/Caja"), and against Jeffery Potter in the First Judicial District Court, State of New Mexico, County of Santa Fe, as Cause No. D-101-CV-2003-01251 ("State Court Action").

2. Jeffery Potter ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 19, 2005.

3. The subject of The State Court Action is a promissory note secured by a mortgage on property located in Santa Fe County, New Mexico.

4. Debtor claims to hold a note and mortgage on the same property which is the subject of the State Court Action.

5. Debtor has not filed any counter-claims in the State Court Action.

6. Prior to the filing of the Debtor's bankruptcy proceeding, Plaintiff had filed a motion for partial summary judgment in the State Court Action, seeking summary judgment on the issue of foreclosure of the mortgage on the property as a first position lien against the property, and to declare the principal amount secured by the mortgage immediately due and payable. The motion was not heard prior to the filing of the Debtor's bankruptcy proceeding.

7. On June 3, 2005, Debtor filed a notice of automatic stay in the State Court Action.

8. Debtor filed a notice of removal of the State Court Action on September 29, 2005.

9. Plaintiff does not consent to the entry of final orders or judgment by this Court. *See* Amended Statement of Richard Cook Pursuant to Fed.R.Bankr.P. 9027(e)(3) - Docket # 2.

10. Plaintiff seeks to remand the State Court Action, solely for the purpose of foreclosing on the real property which is the subject of the State Court Action. *See* Motion, ¶ 9. Plaintiff does not

2

intend to pursue any individual claims against the Debtor as part of the State Court Action, although in the event Debtor claims that the note and mortgage he claims against the property which is the subject of the State Court Action are superior to Plaintiff's, Plaintiff concedes that Debtor's claim would have to be litigated as part of the State Court Action. *Id.*; Richard Cook's Reply in Support of Motion to Remand.

11. Plaintiff filed a proof of claim in Case No. 11-05-14071 MS for an unsecured claim against the Debtor's bankruptcy estate. *See* Claim No. 16. The proof of claim is not based on any claims raised by Plaintiff in the State Court Action.

12. The Debtor objected to Plaintiff's proof of claim and asserted a counterclaim against Plaintiff. *See* Debtors' [sic.] Objection to Proof of Claim Filed by Richard Cook and Counter-Claim Against Richard Cook - Docket # 151 filed in Case No. 11-05-14071 MS. The counter-claim is set forth in two other state court matters: 1) *Valley National Bank v. Jeffery Potter,* First Judicial District Court, State of New Mexico, County of Santa Fe, Cause No. D-0101-CV-2003-00673; and 2) *El Llano Company, Inc., Santa Fe Business Park, LLC, Summit Floormart, LLC, and Richard Cook v. Summit Investment Company, LLC, Summit Valdes Business Park, LLC, and Jeffery Potter,* First Judicial District Court, State of New Mexico, County of Rio Arriba, Cause No. D-117-CV-2003-00057. *Id.*

DISCUSSION

Remand is governed by 28 U.S.C. § 1452(b), which provides, in relevant part:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.
28 U.S.C. § 1452(b).

3

Because remand can be based on "any equitable ground" courts often apply the standards applicable to the abstention statute when considering whether remand is appropriate. *See, e.g., Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 775 (10th Cir. BAP 1997) (finding that if abstention is required under 28 U.S.C. § 1334(c)(2), a court should remand the matter to state court); *In re Premier Hotel Development Group,* 270 B.R. 243, 258 (Bankr.E.D.Tenn. 2001) ("'The presence of factors suggesting discretionary abstention pursuant to 1334(c)(1) and factors requiring mandatory abstention under 1334(c)(2) provides ample equitable grounds for remand of the lawsuit to state court.'") (quoting *Roddam v. Metro Loans, Inc. (In re Roddam),* 193 B.R. 971, 981 (Bankr. N.D.Ala. 1996)( citation omitted)); *Ernst & Young, LLP v. Devan (In re Merry-go-Round Enterprises, Inc.),* 222 B.R. 254, 256 (D.Md. 1998) (noting that "[s]ome courts have conflated the concepts of abstention and remand . . . . virtually the same (if not identical) factors have emerged for judging the propriety of permissive abstention under § 1334(c)(1) as have been articulated for deciding the propriety of a remand under § 1452(b).").

Abstention is governed by 28 U.S.C. § 1334(c), which provides:

(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(1) and (2).

4

Section 1334(c)(2) addresses situations where the court must abstain, and pertains only to non-core proceedings, whereas § 1334(c)(1) allows for permissive abstention from core matters when abstention best serves the interest of justice, judicial economy, or respect for state law. *See Premier Hotel,* 270 B.R. at 250 ("Mandatory abstention does not apply to core proceedings . . . ").

"Core" proceedings are proceedings which involve rights created by bankruptcy law, or which would only arise within a bankruptcy proceeding. *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990) ("Core proceedings are proceedings which have no existence outside of bankruptcy.") (citation omitted); 28 U.S.C. § 157(2)(A) - (O) (listing matters included within core proceedings). "Non core" proceedings do not invoke substantive rights created by bankruptcy law, and can exist independent from the bankruptcy. *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir. 1987). The bankruptcy court has jurisdiction over non-core proceedings when they are related to the bankruptcy in that they could conceivably have an effect on the bankruptcy estate. *Gardner,* 913 F.2d at 1518 ("the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate.") (citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1984) ("[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.")).

Plaintiff asserts that this is a non-core proceeding, that mandatory abstention applies, that all the requirements for mandatory abstention have been satisfied, and that remand is, therefore, appropriate. Debtor opposes remand and contends that the objection to Plaintiff's proof of claim filed in Debtor's

5

bankruptcy proceeding, which involves counterclaims by Debtor against Plaintiff, renders this proceeding a core-proceeding. Debtor argues further that his counterclaims against Plaintiff are based on business dealings between Debtor, Plaintiff, and various inter-related business entities, and that all of the matters are intertwined such that this proceeding is a core proceeding. This Court disagrees.

The State Court Action involves state law issues and does not invoke a substantive right created under the Bankruptcy Code. Because the State Court Action existed prior to the filing of the Debtor's bankruptcy proceeding, it cannot "arise in" a case under Title 11. *See In re Schempp Real Estate, LLC,* 303 B.R. 867, 873 (Bankr.D.Colo. 2003) (noting that "by definition, this case, which was initiated in state court prior to the existence of the bankruptcy case, is not a core proceeding because it did not arise under title 11 or in a case under title 11."). Nor does it "arise under" Title 11 because it does not involve rights derived from a provision contained in the Bankruptcy Code. *See In re United Fruit & Vegetable, Inc.,* 191 B.R. 445, 451 (Bankr.D.Kan. 1996) (stating that "a proceeding only 'arises under title 11' if it *involves rights derived from a provision of the Bankruptcy Code."*) (citing *Wood,* 825 F.2d at 96-97 (emphasis in original) (remaining citations omitted)). Moreover, the property sought to be foreclosed is not titled in the Debtor. Debtor asserts that his counterclaims and his objection to Plaintiff's proof of claim make this a "core" proceeding. It is correct that the claims adjudication process is central to the bankruptcy process and is clearly a core matter. *See* 28 U.S.C. § 157(b)(2)(B) ("Core proceedings include . . . . allowance or disallowance of claims against the estate."). *See also, Peoples State Bank and Trust Co. v. Krug (In re Krug),* 172 B.R. 79, 82 (Bankr.D.Kan. 1994) (noting that "[s]everal courts have held that proceedings which are basically equivalent to claims litigation are core proceedings."). Likewise "counterclaims by the estate

6

against persons filing claims against the estate" are core proceedings under 28 U.S.C. § 157(b)(2)(C). However, neither Plaintiff's proof of claim, nor the counterclaims raised by Debtor in his objection to Plaintiff's proof of claim directly relate to this State Court Action. No counterclaims were filed in the State Court Action as of the date of the removal. The counterclaims raised by Debtor in his objection to Plaintiff's proof of claim are stated in two separate state court matters. Debtor's assertion that his claims and counterclaims are so intertwined as to bring those claims, and, by association, the State Court Action under the umbrella of core bankruptcy jurisdiction fails to make the State Court Action a core proceeding. As the bankruptcy court in *Schempp* observed,

> [l]itigants cannot create core jurisdiction that does not otherwise exist . . . . The Court's remand analysis must focus on the case as it was postured at the time of removal, so whether . . . the debtor has counterclaims that may be stated as [causes of action created by the Bankruptcy Code] . . . has no relevance to the character of the Court's jurisdiction or whether remand is appropriate.
>
> *Schempp,* 303 B.R. at 873 (citations omitted).

Clearly at the time the State Court Action was removed, Debtor had not asserted any counterclaims in the State Court Action. The State Court Action is, therefore, non-core.

Because this is a non-core proceeding, mandatory abstention factors may be relevant to determining the propriety of remand.[1] Under 28 U.S.C. § 1334(c)(2), the Court must abstain from hearing a matter when the following six requirements are satisfied: 1) the motion to abstain was timely;

---

[1] As discussed in *Midgard Corp.,* 204 B.R. at 774 - 775, there is some disagreement among courts as to whether abstention may apply to proceedings removed to bankruptcy court. The Tenth Circuit Bankruptcy Appellate Panel concluded that if abstention is required, a court may remand in accordance with 28 U.S.C. § 1452(b). *Id.* at 775. *See also, Allen v. J.K. Harris & Co., LLC,* 331 B.R. 634, 639 (E.D.Pa. 2005) (same).

7

2) the action is based on state law; 3) an action has been commenced in state court; 4) the action can be timely adjudicated in state court; 5) there is no independent basis for federal jurisdiction other than the bankruptcy; and 6) the matter is non-core. *See Midgard Corp.,* 204 B.R. at 776-778 (10th Cir. BAP 1997). All of these elements are present, although the first factor is not strictly applicable because Plaintiff seeks remand, not abstention.

Debtor filed a notice of removal on September 29, 2005. On November 21, 2005, Plaintiff filed his Motion. The Motion was filed less than two months after the matter was removed, and prior to the date set by the Court for a status conference for the removed case. The Court, therefore finds, to the extent necessary, that the Motion was timely. Elements 2) and 3) are likewise easily satisfied: the State Court Action was pending before the matter was removed to this Court, and all of the claims asserted in the State Court Action are based on state law. None of the claims raise a federal question, nor are the parties to the State Court Action from different state jurisdictions which would create federal jurisdiction based on diversity; therefore, no federal jurisdiction for this proceeding exists other than the limited federal jurisdiction that arises by virtue of the bankruptcy and the application of 28 U.S.C. § 1334(b)(1).[2]

Relevant to the consideration of whether an action can be timely adjudicated in state court is the extent to which allowing the case to go forward in state court will have an adverse effect on the

---

[2]That section provides:
    Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings *arising under title 11, or arising in or related to cases under title 11.*
    28 U.S.C. § 1334(b)(1) (emphasis added).

8

administration of the bankruptcy case. *Schempp,* 303 B.R. at 874. Some or all of the following factors may be relevant to this issue:

> (1) backlog of the state court and federal court calendar; (2) status of the proceeding in state court prior to being removed (i.e. whether discovery had been commenced); (3) status of the proceeding in the bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the underlying bankruptcy case is a reorganization or liquidation case.

*Midgard,* 204 B.R. at 778-779.

At the time the State Court Action was removed, the State Court Action had been pending for over two years, and Plaintiff had filed a motion for summary judgment. Absent the filing of the bankruptcy, the State Court Action would have proceeded in its normal course. The record of the State Court Action indicates that several of the state court judges assigned to the State Court Action were either excused upon request by Debtor or recused themselves, and there appear to be unresolved discovery disputes that have caused some delay. The record also indicates that the Debtor has had several changes in counsel which may also have contributed to the delay. Despite these delays, there is no indication that the State Court Action cannot now be timely adjudicated in state court. The matter is poised for adjudication of Plaintiff's motion for partial summary judgment. In addition, Plaintiff has indicated that it does not consent to the entry of a final judgment by the bankruptcy court. Thus even if the Court were to retain this adversary proceeding, it could not fully resolve the case and could only make proposed findings of fact and conclusions of law to the district court in accordance with 28 U.S.C. § 157(c). Nor will the resolution of the State Court Action have an adverse effect on the administration of the Debtor's bankruptcy proceeding. The State Court Action seeks to foreclose on

9

certain real property that is not titled in the name of the Debtor.[3]  The Court therefore finds that the requirement for a timely adjudication in state court has been satisfied.

Finally, as discussed in greater detail above, the matter is non-core.  "A case which has been commenced in state court is, by definition, a non-core proceeding (at best, "related to") because '[a]ctions . . . which could proceed in another court are not core proceedings.'" *Schempp,* 303 B.R. at 873 (quoting *Gardner,* 913 F.2d at 1518)).

Based on the foregoing, the Court concludes that remand is appropriate.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED.  This proceeding is hereby remanded to the First Judicial District Court, State of New Mexico, County of Santa Fe.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

| | |
|---|---|
| Grey Handy | Martin Friedlander |
| Paula Cook | Attorney for El Lano Summit Caja Del Rio |
| Attorneys for Plaintiff | 10350 Wilshire Blvd. Suite 603 |
| PO Box 669 | Los Angeles, CA 90024-4717 |
| Santa Fe, NM 87504 | |
| | |
| Chris Pierce | |
| Attorney for Defendant Jeffery Potter | _____ |
| PO Box 6 | Patti G. Hennessy |
| Albuquerque, NM 87103 | Law Clerk |

---

[3] The Court is aware that the members of El Lano/Caja limited liability include limited liability companies in which the Debtor is managing member.